UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY JOHN MCCLOSKEY,
an Individual,

       Plaintiff,

                                    Case No. 05-73936

                                    HONORABLE DAVID M. LAWSON
v.                             MAGISTRATE JUDGE STEVEN D. PEPE

CITY OF PONTIAC, PONTIAC POLICE
OFFICERS D. LEE, N. DENNIS, M. CLANCY,
SERGEANT JOHN DOE AND OFFICER
JOHN DOE,

       Defendants.

_____/


**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. #8)**

       This is a civil action, which arises out of the arrest of Plaintiff on October 17, 2002.  The

arrest was based upon the officers' belief that Plaintiff aided, abetted or assisted in the

commission of malicious destruction of property.  On October 13, 2005, Plaintiff filed his

complaint raising several counts against the City of Pontiac and City of Pontiac police officers

involved in the arrest alleging, among other related counts, excessive use of force, assault and

battery and violations of Plaintiff's civil rights.  Defendants filed a July 13, 2006, motion for

summary judgment pursuant to Fed. R. Civ. P. 56(c) (Dkt. #8) indicating that Plaintiff failed to

timely file his complaint within the two year time period required by the statute of limitations for

an action against a sheriff charging misconduct.  In accordance with the provisions of 28 U.S.C.

§ 636(c) and Fed. R. Civ. P. 73, the parties in this case have consented to have the undersigned

conduct any and all proceedings and enter a final order as to Defendants' Motion for Summary

Judgment.  For the reasons stated below, **IT IS ORDERED THAT** Defendants' Motion for Summary

Judgment is **GRANTED IN PART AND DENIED IN PART.**

## I.   STANDARD OF REVIEW

Summary judgment is appropriate only when there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

Rule 56(c) mandates summary judgment against a party who, after adequate time for

discovery, fails to establish the existence of an element essential to that party's case and on

which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).

The moving party has the initial burden of showing "the absence of a genuine issue of

material fact." *Id.*, at 323.  Once the movant meets this burden, the non-movant must come

forward with specific facts showing that there is a genuine issue for trial.  *Matsushita Electric

Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  To demonstrate a genuine

issue, the non-movant must present sufficient evidence upon which a jury could reasonably find

for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  "If the evidence

is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id.*, at

249-50.

Rule 56(e) provides that "[w]hen a motion for summary judgment is made and supported

as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his

pleadings, but his response, *by affidavits or as otherwise provided in this rule*, must set forth

specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary

2

judgment, *if appropriate*, shall be entered against him." Fed. R. Civ. P. 56(e) (emphasis supplied).[1]

## II.   FACTUAL ANALYSIS

The facts in this matter must be viewed in the light most favorable to the non-moving party. *Blackmore v. Kalamazoo*, 390 F.3d 890, 894-95 (6th Cir.2004). Yet, the claim for dismissal contained in Defendants' Motion for Summary Judgment is clear and straightforward and the dates critical to this motion are not disputed. Defendants argue that the statute of limitations for an action against a sheriff charging misconduct or neglect of office by the sheriff or the sheriff's deputies is two (2) years. *See* MCLA 600.5805(7). Because Plaintiff filed an October 13, 2005, complaint arising out of an arrest made on October 17, 2002, his complaint was filed in excess of two years from the subject arrest. Therefore, Defendants argue all claims must be dismissed.

Plaintiff's complaint raises the following counts arising out of his arrest on October 17,

_____

[1]

The Supreme Court has expressly rejected the motion that Rule 56(e) in any way alters the basic standard stated in Rule 56(c) for granting summary judgment. A party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant. In the language of Rule 56(e), summary judgment is only "appropriate" when the standard outlined in Rule 56(c) is met.

The thrust of Rule 56(e) is that a party may not simply rest on the allegations in his pleadings in opposing a motion for summary judgment. Plaintiffs are not entitled "to get to the jury on the basis of the allegations in their complaints, coupled with the hope that something can be developed at trial . . . ." Thus in *R. E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415 (6th Cir. 1975) (per curiam), we held that summary judgment was proper where the facts alleged in the complaint were directly contravened in the affidavits supporting the defendants' motion for summary judgment, and where the plaintiff's version of the facts was not presented in any deposition, affidavit, or other document on file, except the pleadings.

*Smith v. Hudson* 600 F.2d 60, 64 -65 (6th Cir. 1979) (citations omitted).

3

2002, by several City of Pontiac police officers:

| | |
|---|---|
| Count I: | Excessive Force / Violations of the Fourth and Fourteenth Amendments |
| Count II: | Assault and Battery |
| Count III: | Violation of Civil Rights |
| Count IV: | Conspiracy to Violate Civil Rights |
| Count V: | Michigan Common Law |
| Count VI: | Violations Under the Michigan Constitution and Statutes |
| Count VII: | Common Law Conspiracy |
| Count VIII: | Constitutional Violations City of Pontiac |

## A.     State Law Claims

Michigan statutory law pertaining to the statute of limitations associated with assault and battery claims and causes of action against law enforcement officers arising out of their misconduct is clear and unequivocal. The statute of limitations for any claim against an officer is two years. *See* MCLA 600.5805(7).[2] Thus, the deadline for filing state claims against the officers involved in this matter was October 17, 2004. As Plaintiff's complaint was not filed until October 13, 2005, almost three (3) years after the alleged incident, Plaintiff's state claims against the law enforcement officers are barred by the statute of limitations. With respect to Plaintiff's claim for assault and battery, pursuant to MCLA 600.5805(2), the statute of

---

[2]MCLA 600.5805(1) provides as follows:

A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first occurred to the plaintiff or to someone through whom the plaintiff claims, that action is commenced within the periods of time prescribed by the section.

MCLA 600.5805(7) provides as follows:

The period of limitations is 2 years for an action against a sheriff charging misconduct or neglect of office by the sheriff or the sheriff's deputies.

4

limitations is also two years.[3]  Thus, the assault and battery claim is dismissed under either

MCLA 600.5805(2) or (7).

Plaintiff argues that the conduct of Defendants is "clearly grossly negligent and goes

beyond that of an assault and battery, and/or beyond each of the related subtitled counts" (Dkt.

#25).  He therefore contends that a gross negligence standard should be applied to each count,

which has a three year statute of limitations, thereby allowing for Plaintiff's complaint to be

timely.  Adopting Plaintiff's argument, would require a total disregard for the plain and

straightforward language contained in Plaintiff's complaint.  In Plaintiff's October 13, 2005,

complaint he specifically alleges charges of assault and battery in Count II and in subsequent

related counts.  Because there is no mention of a negligence claim it would be improper to infer

one at this time.   It is therefore **ORDERED** that Defendants' Motion for Summary Judgment is

**GRANTED IN PART** as it pertains to Plaintiff's state law claims.  Accordingly, Counts II, V, VI

and VII of Plaintiff's complaint are dismissed.

**B.**     **42 U.S.C. § 1983**

With respect to Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, federal courts

must apply state statutes of limitations for actions brought under this Act.  Citing *Gaborik v*

*Rosema,* 599 F Supp 1476 (W.D. Mich. 1984), Defendants argue a Federal court should identify

and apply the most appropriate or analogous state statute of limitations.  Defendants then

contend that the case at issue is directly analogous to two cases decided in the Sixth Circuit

---

[3] MCLA 600.5805(2) provides as follows:

The period of limitations is 2 years for an action charging assault, battery, or false
imprisonment.

dealing with 42 U.S.C. § 1983 statute of limitations claims.[4]  In *Mulligan v Schlacter*, 389 F 2d 231 (6th Cir. 1968), the Court applied Michigan's two-year statute of limitations for false imprisonment, malicious prosecution, or misconduct of sheriffs and their deputies to an action against a detective, a sergeant, a lieutenant, and an attorney arising out of alleged violations of Plaintiff's constitutional rights by being arrested without probable cause, seizure of property without probable cause, and inadequate attorney representation at trial.  Similarly, in *Lighthauser v City of Madison Heights*, 577 F Supp 994 (E.D. Mich. 1984), the Court applied the state of Michigan's two-year statute of limitations for actions for false arrest and malicious prosecution as opposed to Michigan's three-year statute of limitations for injuries to person and property.

Yet, Defendants fail to recognize or acknowledge that the Sixth Circuit, following Supreme Court case law, has abandoned the practice of finding the "most appropriate" state statue of limitations for 1983 claims in favor of a more certain standard.  In *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985), the Supreme Court held that the appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing actions for personal injury.  Subsequently, in *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986), cert. denied, 479 U.S. 923 (1986), the Sixth Circuit held that Michigan's three year statute of limitations for personal injury claims, MCLA. § 600.5805(10), governs section 1983 actions

---

[4] Defendants also seek the Court to consider *Hukarevic v. Menominee County, et al*, 1993 US District LEXUS 9141 (W.D. Mich. 1993) for guidance.  However, as Defendants concede in footnote 2 of their motion, there was no 1983 claim raised in *Hukarevic*.  Therefore, the case is not relevant to the present discussion as to what statute of limitations period should apply for 1983 claims made in Michigan.

when the cause of action arises in Michigan.[5]  In the instant case, since the causes of action arose

in Michigan, the applicable statute of limitations is Michigan's three year statute of limitations

for personal injury claims.

The only question remaining for the purposes of this motion concerns when Plaintiff's

1983 causes of action accrued.  Although *Wilson* held that state law provides the statute of

limitations in section 1983 actions, it also reaffirmed that federal law and not state law is

relevant for the purpose of characterizing a section 1983 claim.  *Wilson*, 471 U.S. at 268-71.

Accordingly,  federal law is used to determine "when the statute of limitations begins to run, that

is, when the cause of action accrues." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir.1991).  The

limitation period is triggered "when the plaintiff knows or has reason to know of the injury

which is the basis of his action." *Id.* (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th

Cir.1984)).  For cases arising under 1983, this court has looked to "what event should have

alerted the typical lay person to protect his or her rights." *Id.* (citing *Conlin v. Blanchard*, 890

F.2d 811, 815 (6th Cir.1989)).

It is undisputed by the parties that the triggering event for statute of limitation purposes

was Plaintiff's October 17, 2002, arrest.  Therefore, because Plaintiff's October 13, 2005,

complaint was filed within Michigan's three year statute of limitations for personal injury claims,

his 1983 claims were timely.  It is therefore **ORDERED** that Defendants' Motion for Summary

---

[5]  MCLA 600.5805(10) provides as follows:

The period of limitations is 3 years after the time of the death or injury for all other actions
to recover damages for the death of a person, or for injury to a person or property.

7

Judgment is **DENIED IN PART** as it pertains to Plaintiff's 1983 claims.  Accordingly, Counts I, III, IV and VIII of Plaintiff's complaint are not dismissed.

## III.   ORDER

For the reasons stated above, **IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.  Because the statute of limitations has run on Plaintiff's state law claims, Counts II, V, VI and VII of Plaintiff's complaint are dismissed. Plaintiff's 1983 claims were filed within Michigan's three year statute of limitations for personal injury claims, and are therefore timely.   Accordingly, Counts I, III, IV and VIII of Plaintiff's complaint are not dismissed.

**SO ORDERED.**

Date: January 31, 2007                               s/Steven D. Pepe_____
Ann Arbor, Michigan                            United States Magistrate Judge

CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2007, I electronically filed the foregoing paper with the Clerk  Court using the ECF system which will send electronic notification to the following: Charles H. Marr, Eric S. Goldstein, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable

                                s/ James P. Peltier
                                James P. Peltier
                                Courtroom Deputy Clerk
                                U.S. District Court
                                600 Church St.
                                Flint, MI 48502
                                810-341-7850
                                pete__peliter@mied.uscourts.gov